UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X
Luis Felipe Gallego,

              Petitioner,          CV-04-5584 (CPS)

   - against -                 MEMORANDUM
                                          OPINION AND ORDER
United States of America,

              Respondent.

-----------------------------------------X

SIFTON, Senior Judge.

    On July 8, 2003, Luis Felipe Gallego pled guilty to importing one kilogram or more of heroin into the United States in violation of 21 U.S.C. § 952. Presently before the Court is Gallego's motion pursuant to 28 U.S.C. § 2255 to modify or correct his sentence, alleging that (1) his sentence was enhanced by judicially found facts in violation of his Sixth Amendment right to trial by jury; (2) his indictment was constructively amended by those factual findings in violation of his Fifth Amendment right to a Grand Jury indictment; and (3) he received ineffective assistance of counsel. For the reasons that follow, Gallego's ineffective assistance of counsel claim is denied, and the remaining claims are dismissed.

## Background

    The following facts are drawn from the submissions of the parties. They are undisputed except where noted.

Gallego was arrested at John F. Kennedy International Airport on October 20, 2002 while attempting to smuggle more than one kilogram of heroin into the United States. After a bail hearing, Gallego was released on a $150,000, co-signed by his parents. After Gallego failed to return home, a warrant was issued for his arrest and his bond was forfeited. On March 31, 2003, Gallego surrendered to authorities in Colombia. Gallego was subsequently charged in an indictment with importing one kilogram or more of heroin into the United States in violation of 21 U.S.C. § 952, and with possessing with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 841(a)(1).

On July 8, 2003, Gallego entered into a plea agreement with the United States. The plea agreement estimated Gallego's Guidelines offense level at 25, after a four-level minor role adjustment, a three level reduction for acceptance of responsibility, and a two level addition for obstruction of justice (due to his fleeing the country). The agreement estimated a range of imprisonment of 57 to 71 months assuming a criminal history category of I. The agreement further provided, "The defendant will not (a) challenge the findings contained in the laboratory report or (b) file an appeal or otherwise challenge the conviction or sentence in the event that the Court

imposes a term of 71 months or below."[1]

The pre-sentence report recommended an offense level of 25 after a four-level minor-role reduction, a three-level acceptance of responsibility reduction, and a two-level enhancement for obstruction of justice. The pre-sentence report further recommended that Gallego had a criminal history category of II, due to two convictions. These findings resulted in a recommended Guidelines range of 63 to 78 months imprisonment.[2] I adopted the recommendations of the pre-sentence report, and sentenced Gallego at the bottom of the Guidelines range.

Judgment was entered on December 23, 2003. Under Federal Rule of Appellate Procedure Rule 4(b), Gallego had ten days to file a notice of appeal from that date, which he failed to do. His conviction became final on January 7, 2004.

## Discussion

Gallego moves to modify his sentence based on alleged

---

[1] During Gallego's plea, the following colloquy took place:

> THE COURT: [I]n the Plea Agreement you have agreed that you will not file an appeal or otherwise challenge your conviction or your sentence so long as the court imposes a sentence of imprisonment of seventy-one months or less. Do you understand that you've agreed to that?
> THE DEFENDANT: Yes, Your Honor.

(Defendant's Ex. B at 15).

[2] Gallego had been previously convicted in Bergen County Superior Court on two occasions for making terroristic threats and simple assault.

violations of his Sixth Amendment right to a jury trial as articulated in *United States v. Booker*, 125 S.Ct. 738 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), his Fifth Amendment right to a Grand Jury indictment, and his Sixth Amendment right to effective assistance of counsel.

Fifth and Sixth Amendment *Booker* and *Apprendi* Claims

Gallego first argues that his sentence violated his Sixth Amendment right to trial by jury because it was based in part on the judicially found facts that he obstructed justice and had prior convictions. In support of this argument, Gallego cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 124 S.Ct. 2531 (2004). In *Apprendi*, decided June 26, 2000, the Supreme Court held that any fact, other than that of prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum sentence must be either admitted by the defendant or submitted to the jury and proved beyond a reasonable doubt. 530 U.S. at 478. On June 24, 2004, the Supreme Court decided in *Blakely* that the Sixth Amendment prohibits the imposition of a sentence greater than "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 124 S.Ct. at 2537.

The Supreme Court extended the reasoning of *Blakely* to the Federal Sentencing Guidelines in *United States v. Booker*, decided

on January 12, 2005. The *Booker* Court held that if the Guidelines required a judge to increase a defendant's sentence based on judicially found facts, they would run afoul of the defendant's Sixth Amendment rights as articulated in *Blakely*. Accordingly, the Court severed the provision of the Federal Sentencing Act that made the Guidelines mandatory. 125 S.Ct. at 764.

Although Gallego cites *Blakely* and *Apprendi*, *Blakely* had not been decided at the time of his sentencing. The law at the time Gallego's conviction became final was that *Apprendi* did not apply to the Federal Sentencing Guidelines enhancements, so long as the resulting sentence was within the applicable statutory maximum. *See United States v. Norris*, 281 F.3d 357, 361 (2d Cir. 2002). Furthermore, *Blakely* expressly reserved judgment on the constitutionality of the Federal Sentencing Guidelines. *Blakely*, 124 S.Ct. at 2538 n. 9. Following *Blakely*, the Second Circuit held that the system of mandatory Federal Guidelines did not violate the Sixth Amendment. *United States v. Mincey*, 380 F.3d 102, 106 (2d Cir. 2004). *Booker* thus constitutes the new rule that petitioners like Gallego, who challenge sentences imposed pursuant to the Federal Sentencing Guidelines in federal court, seek to have applied to their cases. *See, e.g., United States v. Lewis*, 03-40030, 2004 WL 466214, at *3 (D. Kan. 2005).

Gallego asserts that *Booker* applies retroactively to cases

like his that were final before that decision was issued under the analysis of *Teague v. Lane*, 489 U.S. 288 (1989). However, the Court of Appeals has recently held that *Booker* does not apply retroactively on collateral review. *See Guzman v. United States*, 404 F.3d 139 (2d. Cir 2005) (holding that *Booker* established neither a substantive rule nor a watershed rule of procedure necessary to trigger retroactive application). Thus, Gallego can claim no relief under *Apprendi*, *Blakely*, or *Booker* arising out of his sentence pursuant to the Guidelines.

Furthermore, *Apprendi* specifically held that a judicial finding of the mere fact of a "prior conviction" did not violate the Sixth Amendment. 530 U.S. 466 at 490. The Supreme Court previously held in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), that Congress' treatment of recidivism as merely a sentencing factor and not an element of the offense in 8 U.S.C. § 1326(b), which increases the maximum sentence for an alien who after having been deported following conviction for an aggravated felony illegally reenters the United States, does not violate due process. The *Apprendi* Court recognized the continued vitality of the *Almendarez-Torres* exception by stating, "*Other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490 (emphasis added). Furthermore, the Court of Appeals has consistently held

that *Apprendi* does not invalidate the rule of *Almendarez-Torres*. *See, e.g., United States v. Martino*, 294 F.3d 346, 349 (2d Cir. 2002); *United States v. Mercedes*, 287 F.3d 47, 58 (2d Cir. 2002); *United States v. Anglin*, 284 F.3d 407, 409 (2d Cir. 2002).

With regard to Gallego's criminal history category, I did no more than find the fact that he had two previous convictions that resulted in two prior sentences. *See* U.S.S.G. § 4A1.1(c). These findings fall squarely within the *Almendarez-Torres* exception.[3]

Gallego further argues that his indictment was constructively amended because it did not allege sentence enhancing facts. None of the cases cited by Gallego -- *Apprendi*, *Blakely*, or *Booker* -- held that the failure to charge such facts in the indictment constituted a constructive amendment or otherwise violated the Fifth Amendment. *See United States v. Holguin-Dominguez*, 04-00185, 2005 WL 1317042, at *2 n.1 (11th Cir. June 2, 2005). To the contrary, the Supreme Court had held at the time Gallego's sentence became final that the indictment "need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime." *Almendarez-Torres v. United States*, 523 U.S. 224, 228, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although the continued validity of this holding is

---

[3] To the extent that Gallego argues that the *Almendarez-Torres* exception no longer has the support of five Supreme Court justices and will shortly suffer an "imminent demise," this Court is not at liberty to overrule that still valid precedent. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997).

questionable after *Booker*, at least under a mandatory Guidelines system, as previously discussed that decision does not apply retroactively to Gallego's case.

An additional obstacle to Gallego's *Booker*-related claims is that they are procedurally defaulted by failing to raise the issue on appeal or object at sentencing. As a result, in order to prevail on this collateral challenge, Gallego must show cause for the default and prejudice resulting therefrom. *See United States v. Frady,* 456 U.S. 152, 167 (1982) (adopting "cause and actual prejudice" standard of review specified in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), for issues raised initially in habeas motions); *see also Douglas v. United States*, 13 F.3d 43, 46 (2d Cir. 1993) (citing *Campino v. United States*, 968 F.2d 187, 190 (2d Cir. 1992)). Gallego did not file a notice of appeal with the Court of Appeals, most likely because he waived such a right in his plea agreement. However, waiver of the right to appeal does not constitute a "cause" that will overcome the procedural default. *United States v. Pipitone*, 67 F.3d 34, 38 (2d Cir. 1995).

Gallego does not present any explanations for failing to appeal his sentence in a timely fashion. As such, Gallego is procedurally barred from bringing a claim under *Apprendi,* and I need not reach the question of prejudice. To the extent that Gallego alleges that his counsel was ineffective for failing to

file a notice of appeal, that claim is discussed below.[4]


Ineffective Assistance of Counsel

Gallego argues that "counsel's representation at every phase of the court proceedings were ineffective as to render [his] conviction unconstitutional." (Petitioner's Memo. 3.) Although Gallego purports to "point to actual ineffectiveness, either through specific errors and/or commissions of counsel," (Petitioner's Memo. 3), the only specific error he cites in his brief is his counsel's failure to file a direct appeal or object to his sentence on the basis of *Apprendi*. I will also consider whether Gallego's counsel was ineffective in procuring the plea agreement.

Gallego's ineffective assistance of counsel claim must be evaluated under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to establish a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must establish that (1) his counsel's performance fell below an objectively reasonable standard, *id.* at 688, and (2) but for counsel's deficient performance, his sentence would have been different. *Id.* at 694. In determining

---

[4] Ineffective assistance of counsel claims are, however, an exception to this general rule and may be raised for the first time in a § 2255 petition. *Massaro v. United States*, 538 U.S. 500, 508 (2003).

if counsel's conduct fell below the objective standard, the Court must "judge the reasonableness of the counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690.

As noted the controlling law at the time of Gallego's sentencing was that *Apprendi* was not applicable to Sentencing Guidelines enhancements within the applicable statutory maximum. *See, e.g., Norris*, 281 F.3d at 361; *United States v. Thomas*, 274 F.3d 655, 664 (2d Cir. 2001) (en banc). In addition, Gallego's sentence was final before both *Blakely* and *Booker* were decided. As such, counsel did not behave unreasonably in not filing an appeal based on *Apprendi* or *Blakely*. *See Womack v. United States*, 040392, 2005 WL 1345279, at *2-3 (W.D.Mo. June 2, 2005) (counsel not ineffective for failing to anticipate *Booker*); *Muniz v. United States,* 360 F. Supp. 2d 574 (S.D.N.Y. 2005) (same); *United States v. Cole*, 03-CR-26-01, 2005 WL 1278519, at *4 (D.Vt. May 26, 2005) (same). Finally, Gallego waived his right to appeal as part of his plea agreement. The decision of Gallego's counsel not to pursue an appeal in light of this waiver and the decisions by the Court of Appeals in *Norris* and *Thomas* did not fall below the objective standard of reasonableness required by *Strickland*.

Moreover, Gallego does not establish that but for counsel's failure to file a direct appeal based on *Apprendi* and *Blakely* his

sentence would have been different. Although a criminal defendant does not have to prove the success or even merit of a hypothetical appeal, he must demonstrate that he asked that an appeal to be filed. *McHale v. United States*, 175 F.3d 115, 119 (2d Cir. 1999). The Supreme Court has further held that "to show prejudice . . . a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). There is no evidence on the record that indicates, nor does Gallego assert, that he requested that counsel file an appeal or that counsel failed to consult with Gallego regarding an appeal. During his plea allocution, Gallego indicated that he understood that he was waiving the right to appeal (Defendant's Ex. B at 15), and furthermore, stated that he understood and agreed to the plea agreement. (Ex. B at 8-9.) Because of his appeal waiver, any appeal would have been dismissed as barred, or for lack of merit under binding Second Circuit authority. *See Muniz*, 360 F. Supp. 2d at 581.

Nor has Gallego shown that his attorney's performance in procuring a plea agreement was deficient. Aside from demonstrating that his counsel acted objectively unreasonably in presenting a defendant with a plea bargain, Gallego must also show that "there is a reasonable probability that, but for

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Gallego has not presented any evidence indicating that he was dissatisfied with his guilty plea and that but for his counsel's ineffectiveness, he would have insisted on going to trial. Gallego indicated during his plea allocution that he was satisfied with counsel and further that he understood the plea agreement, had an opportunity to discuss the agreement with his lawyer, had sufficient time to discuss the case with his lawyer, and understood the charges he was facing. (Ex. B at 8, 9, 11-12). "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blakeledge v. Allison*, 431 U.S. 63, 74 (1977). In addition, I noted during sentencing that Gallego's counsel "spok[e] ably" on his behalf in addition to filing two letters prior to sentencing arguing for a downward departure. (Ex. I at 10-11).

Gallego further fails to show that he was prejudiced by his counsel's actions in presenting him with the guilty plea. In order to show prejudice under the second prong of the *Strickland* standard, defendant must establish that "there is a reasonable probability that, but for counsel's errors, [s]he would not have

pleaded guilty and would have insisted on going to trial." *United States v. Cuoto*, 311 F.3d 179, 188 (2d Cir. 2002) (*quoting United States v. Hernandez*, 242 F.3d 110 at 112 (2d Cir. 2001) (per curium)). By accepting a guilty plea, Gallego incurred the benefit of pleading to the lesser-included offense of Count One and having the government forego prosecuting the remaining count of possessing with intent to distribute one kilogram or more of heroin, an offense which carries a statutory minimum sentence of ten years imprisonment. *See* 21 U.S.C. § 841(b).

## Conclusion

For the foregoing reasons, Gallego's ineffective assistance of counsel claim is denied, and the remaining claims are dismissed.

The Clerk is directed to furnish a filed copy of the within to all parties.

SO ORDERED.

Dated :   Brooklyn, New York

June 13, 2005

By: /s/ Charles P. Sifton (electronically signed)
United States District Judge